James G. Snell, State Bar No. 173070
JSnell@perkinscoie.com
Sunita Bali, State Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone:  415.344.7000
Facsimile:  415.344.7050

Attorneys for Non-Party Twitter, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| MUSIC Group Macao Commercial Offshore Limited, a Macao entity, and MUSIC Group Services US, Inc., a Washington Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> John Does I-IX, <br><br> Defendant. | N. D. Cal. Case No. CV 14-80328 MISC <br> W.D. Wash. Civil Action No. 14cv621-RSM <br><br> **NON-PARTY TWITTER, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER** <br><br> Date:  January 8, 2015 <br> Time:  9:30 a.m. <br> Room:  Courtroom C |
|---|---|

OPPOSITION TO MOTION TO TRANSFER SUBPOENA RELATED MOTIONS
CV-14-80328 MISC

## I.       Introduction

Plaintiff MUSIC Group Macao Commercial Offshore Limited, et al. ("MUSIC Group") filed its Motion to Compel Twitter Inc. ("Twitter") to Produce Documents, Dkt. No. 1, in this district, as expressly provided by Fed. R. Civ. Pro. 45(d)(2)(B)(i).  This district, which is where Twitter and its records custodians reside, is "the district where compliance is required" under Rule 45(d)(2)(B)(i), and is therefore the proper venue for MUSIC Group's Motion to Compel.

MUSIC Group moves to transfer its Motion to Compel to the Western District of Washington but has not shown the required "exceptional circumstances" to justify such transfer.  Because (1) the underlying matter in the Western District of Washington is in its infancy, (2) Twitter and its counsel are here, and (3) this Court can readily analyze the unopposed First Amendment issue presented in the Motion to Compel, a transfer would simply add unnecessary complication and delay.  The Court should therefore deny MUSIC Group's Motion to Transfer.

## II.       Statement of Facts

Twitter is a service that allows users to communicate and share instantly, without borders.  Twitter is headquartered and has its records custodians located in this district in San Francisco, California (a few blocks from this Court).  On April 25, 2014, MUSIC Group filed a complaint against John Does I-IX in the United States District Court for the Western District of Washington.  *See* Dkt. No. 3.  MUSIC Group obtained an order for expedited discovery from the court where the action is pending and then served two subpoenas, to which Twitter objected, including on First Amendment grounds.  *Id*. at 2.  MUSIC Group then moved to compel Twitter to produce documents in response to the subpoenas and simultaneously filed the instant Motion to Transfer that motion to the Western District of Washington on November 26, 2014.  Dkt. No. 3.  Twitter does not oppose the Motion to Compel so long as the Court finds that MUSIC Group has satisfied the applicable First Amendment standard for unmasking an anonymous speaker.

## III.       Argument

### A.       Legal Standard

Fed. R. Civ. Pro. 45(d)(2)(B)(i) provides that motions to compel are properly filed in "the district where compliance is required . . . ."  This is distinct from the "the court where the action

-1-

is pending." *See* Fed. R. Civ. Pro. 45(a)(2).  Therefore, under the federal rules, a subpoena issues from the "court where the action is pending" under Rule 45(a)(2), and enforcement of the subpoena occurs "in the district where compliance is required" under Rule 45(d)(2)(B)(i).

Fed. R. Civ. Pro. 45(f) provides that a court may transfer a motion compelling discovery—here, MUSIC Group's Motion to Compel—to the issuing court if "exceptional circumstances" exist.  *See, e.g., CMB Expert, LLC v. Atteberry*, No. 3:14–mc–51–B–BN, 2014 WL 2197840, at *1 (N.D. Tex. May 27, 2014).  MUSIC Group, as the party seeking to transfer the motion, bears the burden to show that "exceptional circumstances" justifying transfer exist. *Id.*

The paramount concern in considering whether to transfer a motion is avoiding burden on local non-parties, such as Twitter here.  *See CMB Expert*, 2014 WL 2197840, at *1 (citing Fed. R. Civ. Pro. 45(f), Advisory Comm. Notes, 2013 Amend., Subdivision (f) ("The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions.")).

Ordinarily, this concern can be overcome only where a case has matured to a point that a transfer is necessary to "avoid disrupting the issuing court's management of the underlying litigation" or to avoid a multiplicity of results, such as "when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.* But even in these instances, "[t]ransfer is appropriate only if such interest outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

**B.      Exceptional Circumstances Do Not Exist Here**

The Northern District of California is the proper district to hear MUSIC Group's Motion to Compel because Twitter, the non-party from which MUSIC Group seeks discovery, is located and has its principal place of business in San Francisco; Twitter's records custodians are located here; and any production of documents will also occur here.  Fed. R. Civ. P. Rule 45(d)(2)(B)(i).[1] By rule, this district is the proper venue for adjudicating MUSIC Group's motion to compel.

---

[1] In addition, Twitter's Terms of Service, which govern the relationship between Twitter and its users, provide that any claims arising in connection with the Twitter service will be

OPPOSITION TO MOTION TO TRANSFER SUBPOENA RELATED MOTIONS
CV-14-80328 MISC

Further, non-party Twitter is exactly the type of non-party the rules are designed to protect because Twitter has a paramount interest "in obtaining local resolution of the motion." *See* Fed. R. Civ. Pro. 45(f), Advisory Comm. Notes, 2013 Amendment, Subdivision (f); *see also CMB Expert*, 2014 WL 2197840, at *2 (denying transfer under Rule 45(f) from N.D. Tex. for a third party headquartered, based, and having responsive documents in Dallas). Although Twitter's counsel has offices in Washington, Twitter and Twitter's counsel on this motion are located in San Francisco. Courts recognize that forcing a non-party and its counsel to travel out of their home district to address a motion to compel unduly burdens a non-party. *See, e.g.*, *Garden City Employees' Ret. System v. Psychiatric Solutions, Inc.*, 13–238, 2014 WL 272088, at *3 (Jan. 24, 2014). And although there is just one motion to compel before this Court, on a broader level, Twitter cannot be expected to appear in courts across the country any time a party moves to compel Twitter's compliance with legal process seeking a Twitter user's identifying information. As this Court is likely aware, service providers in this district such as Twitter regularly receive and respond to subpoenas for user identifying information. *See, e.g., Chevron Corp. v. Donziger*, No. 12-C-80237 CRB (NC), 2013 WL 4536808, at *6 (N.D. Cal. Aug. 22, 2013) (addressing civil subpoenas to Google Inc. for user identifying information); *Obodai v. Indeed, Inc.,* No. 13-80027-MISC EMC, 2013 WL 1191267, at *1 (N.D. Cal. Mar. 21, 2013) (same); *Beluga Shipping GMBH & Co. KS "Beluga Fantastic" v. Suzlon Energy LTD.*, No. 10-80034 JW (PVT), 2010 WL 3749279, at *5 (N.D. Cal. Sept. 23, 2010) (same); *cf. Sams v. Yahoo!, Inc.*, No. CV-10-5897-JF (HRL), 2011 WL 1884633, at *6-7 (N.D. Cal. May 18, 2011) (discussing a governmental entity subpoena to Yahoo! for user identifying information). The burden on Twitter associated with responding to motions to compel filed in any court in the country would be substantial.

In addition, contrary to MUSIC Group's contention, this Court can readily apply the legal standards invoked in the Motion to Compel. Federal courts have long applied state laws outside of the forum where they sit. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). And more

---

brought in state or federal courts in San Francisco. *See* Twitter Terms of Service, *available at* https://twitter.com/tos (last checked December 11, 2014). Therefore, adjudicating this motion in San Francisco is also consistent with the expectations that the affected user would have by virtue of agreeing to Twitter's Terms of Service.

OPPOSITION TO MOTION TO TRANSFER SUBPOENA RELATED MOTIONS
CV-14-80328 MISC

importantly, California courts, including this district, regularly consider motions to compel the identity of anonymous speakers including cases involving non-California jurisdictions and law, which is what MUSIC Group asks the Court to do here. *See, e.g.*, *USA Technologies, Inc. v. Doe*, 713 F. Supp. 2d 901, 907 (N.D. Cal. 2010) (applying the *Dendrite* test to Pennsylvania law).

Finally, MUSIC Group is incorrect that the issuing court is more "familiar with the case having issued several discovery related orders already." Motion. at 5. To date, the issuing court's docket reflects only orders granting expedited discovery and a continuance. *See MUSIC Group Macao Commercial Offshore Limited, et. al., v. Does I-IX*, Case No. 2:14-cv-00621-RSM, Dkt. Nos. 8, 12. This is not the level of familiarity that would trump the interest in avoiding imposing an undue burden on local non-party Twitter. Indeed, courts have denied motions to transfer even where the issuing court "undeniably has greater familiarity with the Underlying Action and plaintiffs' theory of liability." *Garden City*, 2014 WL 272088, at *3 (denying transfer); *see also CMB Expert*, 2014 WL 2197840, at *2 (denying transfer even though "the underlying action is 'fairly complex'").

To try to support its claim of "exceptional circumstances" over the baseline rule that this district is the proper venue for its Motion to Compel, MUSIC Group relies on three cases. All are distinguishable because they allowed transfer only where the non-parties and non-party discovery were deeply intertwined with the underlying litigation and an inconsistent ruling in the court of compliance would conflict with or even moot the underlying action. That is not the case here.

MUSIC Group first cites *Moon Mountain* to argue that transfer would promote consistent management of the litigation and judicial economy. Motion at 4-5 (citing *Moon Mountain Farms, LLC v. Rural Cmty. Ins.*, 301 F.R.D. 426 (N.D. Cal. 2014). In *Moon Mountain*, non-party Wells Fargo opposed transfer of a motion to compel from the district where compliance was sought to the District of Arizona, where the litigation was pending. 301 F.R.D. at 427. The court found that exceptional circumstances justified transfer because the court in Arizona had issued a production order as to the documents sought by the subpoena. Transfer was therefore necessary to "[a]void … an attempt to circumvent the authority of the presiding judge in the underlying action" and the court in Arizona was "in a much better position to determine which documents

-4-

have already been produced, which documents are under *in camera* review, and which documents are subject to the production order." *Id.* at 429. Further, not transferring the motion would result in "duplicat[ing] review already conducted by the District of Arizona" and "disrupting the District of Arizona's management of the underlying litigation." *Id.* None of these interests are present here—no documents have been produced, there is no production order, the matter in the Western District of Washington is in its infancy, and the only orders issued in the underlying case are those authorizing the subpoena and granting a continuance. There is no risk of circumventing the presiding judge's authority, duplicating effort, or disrupting the underlying case.

MUSIC Group next relies on *Cont'l Auto. Sys., U.S., Inc. v. Omron Auto. Elec., Inc.*, No. 14 C 3731, 2014 WL 2808984 (N.D. Ill. June 20, 2014), but this reliance is similarly misplaced. In *Cont'l Auto*, the court found exceptional circumstances justified transfer of a motion to compel to the Eastern District of Michigan under Rule 45(f) because the issuing court had already issued a *Markman* order in this patent case and the discovery issue required analysis of that order and the substantive issues that the Michigan court was already familiar with. 2014 WL 2808984, at *1-2. After the issuance of the *Markman* order, a non-party subpoena was challenged on the basis that the presiding judge's *Markman* ruling had already eviscerated the underlying claim, and the non-party challenged the subpoena based on "an extended discussion of direct and indirect patent infringement and of the Michigan's court's rulings [and] a number of patent cases." *Id.* at *2. Thus, transfer was appropriate because the non-party discovery was "inextricably bound up with the merits of the litigation" that the Michigan court had already considered and, in part, ruled on. *Id.* Here, in contrast and as described above, the Western District of Washington case is in its infancy. Apart from the two preliminary discovery orders, nothing has happened yet, so the Washington court is no more familiar with this matter than this Court, and this Court need not address any substantive rulings of the Washington court to address the Motion to Compel.

Finally, MUSIC Group relies on *Kia Motors* to argue that transferring the motion would not burden Twitter. Motion at 4 (citing *In re Subpoena to Kia Motors America, Inc.*, No. SACV 14–315 JLS (RNBx), 2014 WL 2118897 (C.D. Cal. Mar. 6 2014). *Kia Motors*, however, granted a transfer because the underlying case involved a rapidly approaching discovery deadline, and

-5-

thus the court controlling the deadline was in a better position to resolve the merits of the motion. 2014 WL 2118897, at *1 ("Celgard requests ex parte relief in order to comply with the March 14, 2014 jurisdictional discovery cut-off deadline . . . . Given these concerns, the resolution of the Application is best decided by the court with control over the discovery cut-off deadline."). Here, again, the Washington action has just begun, and there is no interest that outweighs the interest in avoiding the burden on non-party Twitter to appear and adjudicate this matter in the Western District of Washington. Twitter's interest in local resolution of the motion remains paramount.

### IV.    Conclusion

For these reasons, Twitter respectfully requests that the Court deny MUSIC Group's motion to transfer.

DATED:  December 15, 2014

**PERKINS COIE LLP**

By: */s/ Sunita Bali*
        Sunita Bali

Attorneys for Non-party Twitter, Inc.

-6-
OPPOSITION TO MOTION TO TRANSFER SUBPOENA RELATED MOTIONS
CV-14-80328 MISC