James G. Snell, State Bar No. 173070
JSnell@perkinscoie.com
Sunita Bali, State Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone:  415.344.7000
Facsimile:  415.344.7050

Attorneys for Non-Party Twitter, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MUSIC Group Macao Commercial Offshore Limited, a Macao entity, and MUSIC Group Services US, Inc., a Washington Corporation,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>John Does I-IX,<br><br>　　　　　　　Defendant. | N. D. Cal. Case No. CV 14-80328 MISC<br>W.D. Wash. Civil Action No. 14cv621-RSM<br><br>**NON-PARTY TWITTER, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL**<br><br>Date:　　　January 8, 2015<br>Time:　　　9:30 a.m.<br>Room:　　　Courtroom C |

1    Plaintiffs MUSIC Group Macao Commercial Offshore Limited, a Macao entity, and MUSIC Group Services US, Inc. ("MUSIC Group"), seek to unmask an anonymous online speaker by compelling production of the user's identifying information from non-party Twitter, Inc. ("Twitter").  MUSIC Group has asked the Court to adjudicate whether the legal requirements of the First Amendment to the United States Constitution have been met such that disclosure of identifying information is justified.  Twitter takes no position on the merits of Plaintiffs' motion and whether it has made the required showing,[1] but agrees that the Court should adjudicate this issue to ensure that the appropriate First Amendment standard is met and that the user's right to anonymous free speech is protected, before any identifying information is compelled from Twitter for use in MUSIC Group's underlying lawsuit.  Twitter objected in good faith to the subpoena because the required First Amendment showing had not yet been met, notified the email address associated with the affected account identified in the Motion to Compel, and asks only that the Court consider the facts as presented by the Plaintiffs and enter a finding that addresses the protections afforded to anonymous speech as raised in Plaintiffs' motion.  If the Court rules in favor of Plaintiffs, Twitter intends to respond to the subpoena and the Court's resulting order.

DATED:  December 15, 2014

**PERKINS COIE LLP**

By: */s/ Sunita Bali*
    Sunita Bali

Attorneys for Non-Party Twitter, Inc.

---

[1] MUSIC Group says that Twitter argues that the required test has not been met because MUSIC Group failed to establish prima facie evidence of at least one actionable claim.  Motion at 6.  To the contrary, Twitter argues only that the Court should conduct this analysis and takes no position on the merits.

-1-