David Nied (SBN 136413)
Allison M. Dibley (SBN 213104)
**AD ASTRA LAW GROUP, LLP**
582 Market Street, Suite 1015
San Francisco, CA 94104
Telephone: (415) 795-3579
Facsimile:  (415) 276-1976
dnied@astralegal.com
adibley@astralegal.com

E. Russell Tarleton (admitted *Pro Hac Vice*)
RussT@SeedIP.com
SEED IP LAW GROUP PLLC
701 5th Avenue, Suite 5400
Seattle, WA 98104
Telephone: (206) 622-4900
Facsimile: (206) 682-6031

Attorneys for Plaintiffs
MUSIC Group Macao Commercial Offshore Limited and
MUSIC Group Services US, Inc.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| MUSIC Group Macao Commercial Offshore Limited, a Macao entity, and MUSIC Group Services US, Inc., a Washington Corporation<br><br>Plaintiffs,<br><br>v.<br><br>John Does I-IX<br><br>Defendants. | ) N.D. Cal. Case No. CV-14-80328MISC<br>) W.D. Wash. Case No. 14cv621-RSM<br>)<br>) **PLAINTIFFS MUSIC GROUP'S**<br>) **REPLY IN SUPPORT OF MOTION**<br>) **TO COMPEL DISCOVERY**<br>)<br>) Hearing:    Jan. 8, 2015<br>) Time:       9:30 a.m.<br>) Courtroom:  C<br>)<br>) |

I.      **INTRODUCTION**

This cause is before the Court pursuant to plaintiffs' MUSIC Group Macao Commercial

Offshore Limited and MUSIC Group Services US, Inc.'s (collectively, "MUSIC Group") Motion

-1-
**Plaintiffs MUSIC Group's Reply in Support of Motion to Compel Discovery**

to Compel Discovery.  Non-party Twitter, Inc. ("Twitter") filed a response to MUSIC Group's Motion to Compel on December 15, 2014, but did not take any position regarding the merits of the Motion to Compel.  Twitter appears to only ask this Court to make a First Amendment analysis, as laid out in *SaleHoo Grp., Ltd. v. ABC Co.*, 722 F. Supp. 2d 1210, 1215-16 (W.D. Wash. 2010).

For the reasons set forth below, MUSIC Group asks this Court to grant the Motion to Compel.

## II.   BASIS OF MUSIC GROUP'S MOTION TO COMPEL

### A.   The *SaleHoo* Test Is Not Binding on the Other Courts of the Western District of Washington

In response to MUSIC Group's subpoenas, Twitter asserted that the trial court must follow the three-part test set forth in *Salehoo*, 722 F.Supp. 2d at 1215.[1]  See Twitter's correspondence attached to MUSIC Group's Motion to Compel as Exhibit D.  Specifically, Twitter claims that "Before a plaintiff can use a subpoena to unmask an anonymous Internet user, the trial court must strike a balance 'between the well-established First Amendment right to speak anonymously, and the right of [a] plaintiff to protect its proprietary interests and reputation'…Accordingly, the plaintiff must [meet the three part test of *SaleHoo*]."  Exhibit D to Motion to Compel.

However, District Court decisions are not binding on other District Court judges, even those in the same district.  *Starbuck v. San Francisco*, 556 F.2d 450, 457 n.13 (9th Cir. 1977) ("The doctrine of stare decisis does not compel one district court judge to follow the decision of

---

[1] Twitter assumes without citing any authority that it has standing to raise the First Amendment issue on behalf of the Doe Defendants. Plaintiffs cannot find any authority in the context of these proceedings on this issue. While individuals or organizations may have a personal, ideological interest to create adverseness, this is not alone enough to confer standing; rather, the adverseness is the consequence of one being able to satisfy the Article III requisite of injury in fact. Valley Forge Christian College v. Americans United, 454 U.S. 464, 482-486 (1982); Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 225-226 (1974). Here MUSIC Group believes Twitter as a non-party has not shown and cannot show injury in fact sufficient to give standing to raise the First Amendment issue.

**Plaintiffs MUSIC Group's Reply in Support of Motion to Compel Discovery**

another); *see, also, United States v. Articles of Drug Consisting of 203 Paper Bags*, 818 F.2d 569, 572 (7th Cir. 1987). Twitter cites no binding authority requiring a court in the Western District of Washington to make the First Amendment findings set forth in *SaleHoo*.

On the contrary, the 9th Circuit has specifically declined to adopt any strict tests for unmasking anonymous speakers. In *Anonymous Online Speakers v. United States Dist. Court (In re Anonymous Online Speakers)*, 661 F.3d 1168, 1177 (9th Cir. 2011), the 9th Circuit stated that "We leave to the district court the details of fashioning the appropriate scope and procedures for disclosure of the identity of the anonymous speakers." The Court suggested that District Courts may find that a more exacting standard, such as requiring a prima facie case, may be appropriate for certain highly protected forms of speech such as political speech, but not for others such as commercial speech. The comments made by the Twitter account "FakeUli" should be considered, at best, commercial speech because they are intended solely to disparage and damage the commercial reputation of MUSIC Group and its products.

The Court in Seattle has already made all mandatory findings to allow MUSIC Group to request discovery relating to the identities of the Doe Defendants in the Order Granting Plaintiff's Motion for Expedited Discovery. WA Dkt. No. 8. The Western District of Washington court analyzed the applicable binding precedent of the 9th Circuit, found that MUSIC Group met the requirements for discovery the identity of the Doe Defendants, and issued the resulting Order. *Id.* Accordingly, the court has fashioned the appropriate scope and procedures for identification of the Doe Defendants, as suggested by the 9th Circuit.

**B.     MUSIC Group Has Met the First Amendment Test of *SaleHoo***

Even if the First Amendment findings of *SaleHoo* were required, MUSIC Group has met every prong of the test. The court in *SaleHoo Grp, Ltd. v. ABC Co.* set forth a three-part test for unmasking anonymous Internet users. First, the Plaintiff must make reasonable efforts to give the Defendant adequate notice of the attempt to discover their identity. Second, the Plaintiff must allege a facially valid cause of action, providing a factual and legal basis for believing the

-3-

speech is actionable. And finally, the Plaintiff must demonstrate that the specific information sought by the subpoena is necessary to identify the Defendant, and that the Defendant's identity is relevant to the case. *SaleHoo Grp., Ltd.,* 722 F. Supp. 2d at 1215-16 (W.D. Wash. 2010).

MUSIC Group has met the first prong of the *SaleHoo* test because Twitter notified the users of the Twitter account "FakeUli" that they were under investigation for their use of the Twitter account. MUSIC Group has no other reasonable way to give the Doe Defendants notice because their identities are unknown to MUSIC Group at this time.

As discussed more fully in MUSIC Group's Motion to Compel, MUSIC Group has satisfied the second prong of the *SaleHoo* test by establishing a facially valid cause of action for at least defamation and breach of contract. CA Dkt. No. 1.

Finally, MUSIC Group has met the third prong of the *SaleHoo* test because the subpoena seeks only discovery related to the identities of the Doe Defendants. These identities cannot be reasonably obtained through any means other than the requested discovery. In this case, the Doe Defendants' identities are essential to the case moving forward.

## III.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request the Court grant their motion to compel Twitter to produce discovery on the identity of the account holder of Twitter account "Fakeuli" and to the extent available the account holder of the "NotUliBehringer" Twitter account.

Dated: December 22, 2014                    Respectfully Submitted,

                                           SEED Intellectual Property Law Group PLLC


                                           /s/ *E. Russell Tarleton*
                                           E. Russell Tarleton, WSBA No. 17,006
                                           701 Fifth Avenue, Suite 6300
                                           Seattle, Washington 98104-7092
                                           (206) 622-4900

**Plaintiffs MUSIC Group's Reply in Support of Motion to Compel Discovery**

**AD ASTRA LAW GROUP, LLP**

Allison M. Dibley
582 Market Street, Suite 1015
San Francisco, CA  94104
Telephone: (415) 795-3579
Facsimile:  (415) 276-1976
dnied@astralegal.com
adibley@astralegal.com

Attorneys for Plaintiffs
MUSIC Group

3671570_1

**Plaintiffs MUSIC Group's Reply in Support of Motion to Compel Discovery**