David Nied (SBN 136413)
Allison M. Dibley (SBN 213104)
**AD ASTRA LAW GROUP, LLP**
582 Market Street, Suite 1015
San Francisco, CA 94104
Telephone: (415) 795-3579
Facsimile: (415) 276-1976
dnied@astralegal.com
adibley@astralegal.com

E. Russell Tarleton (admitted *Pro Hac Vice*)
RussT@SeedIP.com
SEED IP LAW GROUP PLLC
701 5th Avenue, Suite 5400
Seattle, WA 98104
Telephone: (206) 622-4900
Facsimile: (206) 682-6031

Attorneys for Plaintiffs
MUSIC Group Macao Commercial Offshore Limited and
MUSIC Group Services US, Inc.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| MUSIC Group Macao Commercial Offshore Limited, a Macao entity, and MUSIC Group Services US, Inc., a Washington Corporation<br><br>Plaintiffs,<br><br>v.<br><br>John Does I-IX<br><br>Defendants. | N.D. Cal. Case No. CV-14-80328MISC<br>W.D. Wash. Case No. 14cv621-RSM<br><br>**PLAINTIFFS MUSIC GROUP'S REPLY TO TWITTER'S OPPOSITION TO MOTION TO TRANSFER**<br><br>Hearing: Jan. 8, 2015<br>Time: 9:30 a.m.<br>Courtroom: C |

## I. INTRODUCTION

This cause is before the Court pursuant to plaintiffs MUSIC Group Macao Commercial Offshore Limited and MUSIC Group Services US, Inc.'s (collectively, "MUSIC Group") Motion to Transfer Plaintiff's Subpoena Related Motions to Issuing Court to transfer the related motion to compel discovery. CA Dkt. No. 1. On December 15, 2014, Twitter filed its Opposition to the

-1-
**Plaintiffs MUSIC Group's Reply to Twitter's Opposition to Motion to Transfer**

Motion to Transfer. CA Dkt. No. 11. Twitter argues that MUSIC Group has failed to show "exceptional circumstances" as required under Fed. R. Civ. P. 45(f). As set forth below, MUSIC Group has established that exceptional circumstances are present in this case, and the pending Motion to Compel Discovery should be transferred to the issuing court in the Western District of Washington.

## II. ARGUMENT

### A. Twitter is Not a Local Nonparty under Rule 45

Although Twitter argues that they are the type of local nonparty that the Committee Notes for Fed. R. Civ. P. 45 discuss, Twitter is a global corporation with a presence around the world. While it is true that Twitter is headquartered in San Francisco, Twitter has an international presence, and counsel that is already familiar with the case in Seattle. As discussed in MUSIC Group's Motion to Transfer, District Courts have found that the burden on local parties discussed in the Committee Notes is for the protection of individuals, not companies with a national presence. *In re Subpoena to Kia Motors Am., Inc.*, 2014 U.S. Dist. LEXIS 72827, 2 (C.D. Cal. Mar. 6, 2014). The Central District of California has stated that "transferring the [motion] would not significantly burden [the nonparty], as [the nonparty] is a national automotive company, not an individual California resident, and [the nonparty's] counsel is representing the defendant in the North Carolina action." *In re Subpoena to Kia Motors Am., Inc.*, 2014 U.S. Dist. LEXIS 72827, 2 (C.D. Cal. Mar. 6, 2014).

Twitter argues that *Kia Motors* is not applicable in the current case because "the underlying case involved a rapidly approaching discovery deadline, and thus the court controlling the deadline was in a better position to resolve the merits of the motion." Non-Party Twitter, Inc.'s Opposition to Plaintiffs' Motion to Transfer ("Twitter's Opp."), p. 5. However, MUSIC Group has filed these motions specifically because a discovery deadline is rapidly approaching. The initial deadline to serve the Doe Defendants with summons and the complaint

was August 23, 2014. The Western District of Washington court extended the deadline for service to November 23, 2014, in order to give Twitter time to produce the discovery requested in the subpoenas. Because of Twitter's objections to the subpoenas, MUSIC Group was unable to serve Defendants by the extended deadline of November 23, 2014, and was forced to request a second extension to March 23, 2014. MUSIC Group's second deadline extension was granted by the court in Seattle; however, service is still due in only three months. The Seattle court, which has control over the discovery deadlines in this case, is currently in a better position to determine the Motion to Compel, which has a direct impact on discovery deadlines.

### B. The Motions Are Tied to the Merits of the Case

Even if the burden on Twitter was significant, this Court should transfer the Motion to Compel to the Western District of Washington because the First Amendment issues in the Motion to Compel are the exact same as the merits of the underlying case. The First Amendment test that Twitter assumes this Court should meet as set forth in *SaleHoo Grp., Ltd. v. ABC Co.* is essentially the determination made by the court in Washington, which is a determination of whether the causes of action are facially valid. *SaleHoo Grp., Ltd. v. ABC Co.*, 722 F.Supp.2d 1210 (W.D. Wash. 2010). Even if the court in the Western District of Washington was not more familiar with the underlying case, the danger of circumventing the authority of the Washington court by deciding the merits of the case is enough to show exceptional circumstances.

Twitter argues that the present Motion is distinct from *Cont'l Auto. Sys. U.S., Inc. v. Omron Electronics, Inc.*, No. 14 C 3731, 2014 WL 2808984 (N.D. Ill. June 20, 2014) because the issuing court in *Cont'l Auto* had already conducted a *Markman* hearing. Twitter's Opp., p. 5. However, the court in *Cont'l Auto* was not persuaded by how familiar with the case the issuing court was, but rather by the fact that the issues to be determined were the very heart of the underlying action. Although the Seattle court has not yet made any final decisions on the merits of the case, it has considered and weighed the merits of the case when it issued its Order. Twitter now asks this Court to undertake the same review of the merits of the underlying case as the

court in Seattle.  In order to make the First Amendment determinations that Twitter asks for, this Court would need to determine whether the causes of action set forth in the Complaint are valid. This is <u>precisely</u> the type of situation that the *Cont'l Auto* court was considering when they stated that "it would involve determining a question that lies at the heart of the [underlying] litigation – namely whether Continental even has a viable patent case against Schrader after the *Markman* ruling." *Id.*

Even if Twitter will be burdened by a transfer to the Western District of Washington, the interests of not circumventing the issuing court's authority in deciding the merits of the underlying case far outweigh those of reducing the burden to Twitter.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request the Court transfer the subpoena related Motion to Compel Discovery to the issuing court at the Western District of Washington.

Dated:  December 22, 2014               Respectfully Submitted,

SEED Intellectual Property Law Group PLLC

/s/ *E. Russell Tarleton*
E. Russell Tarleton, WSBA No. 17,006
701 Fifth Avenue, Suite 6300
Seattle, Washington 98104-7092
(206) 622-4900

**AD ASTRA LAW GROUP, LLP**
Allison M. Dibley
582 Market Street, Suite 1015
San Francisco, CA  94104
Telephone: (415) 795-3579
Facsimile:  (415) 276-1976
dnied@astralegal.com
adibley@astralegal.com

Attorneys for Plaintiffs
MUSIC Group

3681947_1.doc