UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MUSIC GROUP MACAO COMMERCIAL OFFSHORE LTD., *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>JOHN DOES I-IX,<br><br>        Defendants.<br>_____/ | No. 14-mc-80328 LB<br><br>ORDER ENFORCING SUBPOENA |

## INTRODUCTION

The plaintiffs seek to enforce a subpoena against nonparty Twitter, Inc. That subpoena would compel Twitter to reveal identifying information for the anonymous Twitter users who are the Doe defendants. The district court for the Western District of Washington has already ruled that the plaintiffs may obtain that information. (ECF No.2 at 30-33.)[1] The only issue before this court is whether the subpoena unduly infracts the Doe defendants' First Amendment right to speak anonymously. For the reasons stated below, and on this record, the court holds that the plaintiffs' need for the requested information outweighs any harm that will be done to the defendants' First Amendment rights. *See, e.g., Perry v. Schwarzenegger,* 591 F.3d 1126 (9th Cir. 2009). The court thus grants the plaintiffs' motion and enforces the subpoena. The court denies as moot the plaintiffs'

---

[1]Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

ORDER ENFORCING SUBPOENA - 14-80328 LB

motion (ECF No. 3) to transfer this subpoena-related motion to the United States District Court for the Western District of Washington. The court also sets out procedures to safeguard the Doe defendants' First Amendment rights.

The court finds this matter suitable for determination without oral argument and vacates the hearing that is set for January 8, 2015. *See* Civ. L.R. 7-1(b).

**STATEMENT**

The underlying case is primarily one for defamation with attendant claims for copyright infringement, unfair competition, and breach of contract. (*See* Complaint - ECF No. 2 at 5-19.) The plaintiffs, whom the court will collectively call "Music Group," filed this case against John Doe defendants in the United States District Court for the Western District of Washington. (*Id.*) Music Group alleges in sum that the defendants have used anonymous accounts on the Internet service Twitter — under the account names *@FakeUli* and *@NotUliBehringer* — to "publish disparaging remarks about" Music Group, its employees, and its CEO, Uli Behringer. (ECF No. 1 at 3.) According to Music Group, the Doe defendants have used these accounts to make "malicious, defamatory statements, which the [defendants] knew to be untrue"; this includes claiming that Music Group "designs its products to break in 3-6 months," that Music Group "encourages domestic violence and misogyny," and that the company's CEO, Mr. Behringer, "engages with prostitutes." (*See* ECF No. 1 at 7.)

Because the relevant Twitter accounts are anonymous, Music Group has not been able to serve process on the defendants. Music Group has thus subpoenaed Twitter (who is not a party to this suit) to reveal the identities of the *@FakeUli* and *@NotUliBehringer* users so that it can serve the complaint on them. More precisely, Music Group's subpoena would have Twitter produce "the name, address, email address and any proxy address" of the accounts' owners. (ECF No. 1 at 3; ECF No. 2 at 35, 41-45 (subpoenas).)

The Washington district court has already granted Music Group expedited discovery to determine the identities of the Doe defendants. (ECF No. 2 at 30-33.) The Washington court held that Music Group had shown "good cause" for the requested discovery. (*Id.*) Given that order, Music Group subpoenaed Twitter for the identifying information. (ECF No. 2 at 35, 41-45.) So far,

1  Twitter has not produced information in response. "Moreover," according to Music Group,
2  "although the Court in [Washington] has issued the order for early discovery, Twitter [which is
3  headquartered in San Francisco] would not agree to have the Court in [Washington] decide" a
4  motion to compel compliance with the subpoena. (ECF No. 2 at 2, ¶ 5.)

5  Music Group then filed this miscellaneous proceeding, asking this court to enforce the subpoena.
6  (ECF No. 1.) Twitter "takes no position on the merits" of Music Group's motion. (ECF No. 12 at 2
7  and n. 1.) Twitter states only that this court must make the necessary legal analysis "to ensure that
8  the appropriate First Amendment standard is met and that the [Doe defendants'] right to anonymous
9  free speech is protected." (*Id.*) Twitter also says that, if the court rules in Music Group's favor, it
10  will respond to the subpoena. (*Id.*)

## GOVERNING LAW

"It is well established that the First Amendment protects the right to anonymous speech." *Art of Living Found. v. Does 1-10*, No. 10-5022, 2011 WL 5444622, *3 (N.D. Cal. Nov. 9, 2011) (citing *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995)). "However, the right to anonymity is not absolute." *Art of Living*, 2011 WL 5444622 at *4. "Where anonymous speech is alleged to be unlawful, the speaker's right to remain anonymous may give way to a plaintiff's need to discover the speaker's identity in order to pursue its claim." *Id.*

In *Perry v. Schwarzenegger*, 591 F.3d 1126, 1140-41 (9th Cir. 2009), the Ninth Circuit described the following two-part framework for analyzing claims of "First Amendment privilege" in the context of discovery requests:

> The party asserting the privilege must demonstrate a *prima facie* showing of arguable first amendment infringement. This *prima facie* showing requires [the requesting party] to demonstrate that enforcement of the discovery requests will result in (1) harassment, membership withdrawal, or discouragement of new members, or (2) other consequences which objectively suggest an impact on, or "chilling" of, the members' [First Amendment] rights. If [the party opposing discovery] can make the necessary *prima facie* showing, the evidentiary burden will then shift to the [party seeking discovery] to demonstrate that the information sought . . . is rationally related to a compelling governmental interest and the least restrictive means of obtaining the desired information. More specifically, the second step of the analysis is meant to make discovery that impacts First Amendment . . . rights available only after careful consideration of the need for such discovery, but not necessarily to preclude it.

*Id.* at 1140 (quotations, citations, and alterations omitted); *see Drummond Co. v. Collingsworth*, 2013 WL 6074157, *12 (N.D. Cal. Nov. 18, 2013) (applying *Perry* to subpoena seeking identity of

ORDER ENFORCING SUBPOENA - 14-80328 LB
3

anonymous Internet-service users); *Chevron Corp. v. Donziger*, 2013 WL 1402727 (N.D. Cal. Apr. 5, 2013) (same).

The ultimate question under *Perry* "is whether the party seeking discovery has demonstrated an interest in obtaining the disclosures . . . [that] is sufficient to justify the deterrent effect on the free exercise of the constitutionally protected right . . . ." *Id.* at 1140 (quotations and alterations omitted). "To implement this standard," the court must "balance the burdens imposed on [the] individuals [from whom discovery is sought] against the significance of the . . . [requesting party's] interest in disclosure, to determine whether the interest in disclosure . . . outweighs the harm" to the constitutionally protected right. *Id.* (quotations and citations omitted). This "balancing test" takes "several factors into account," such as "the importance of the litigation," "the centrality of the information sought to the issues in the case," "the existence of less intrusive means of obtaining the information," "and the substantiality of the First Amendment interests at stake[.]" *Collingsworth*, 2013 WL 6074157 at *12 (citing *Perry*, 591 F.3d at 1141). Moreover, "the party seeking the discovery must show that the information sought is highly relevant to the claims or defenses in the litigation — a more demanding standard of relevance than under Federal Rule of Civil Procedure 26(b)(1)." *Perry*, 591 F.3d at 1141.

## ANALYSIS

Under the first prong of *Perry*, Twitter has shown that revealing the identities of the anonymous users raises the possibility of at least "arguable first amendment infringement." *See Perry*, 591 F.3d at 1140. Judging even from Music Group's complaint, the Doe defendants' allegedly defamatory speech consists partly, and "arguably," of criticisms of Music Group's products. (*See* Complaint - ECF No. 2 at 10, ¶ 18.) Such criticism can be legitimate, non-defamatory, and constitutionally protected — and can be "chilled" if stripped of anonymity. *See Donziger*, 2013 WL 1402727 at *2-*4 (quashing subpoena to reveal identity of anonymous critics of company's environmental practices).

The dispositive issue lies under *Perry's* second prong. That is, the court must decide whether, taking into account the various considerations that *Perry* sets out, Music Group's need for the requested information "outweighs" the potential harm to the Doe defendants' First Amendment right

to anonymity. *See Perry*, 591 F.3d at 1140-41.

The court holds that, at this stage of the case and on this record, Music Group's interest in the requested information does outweigh any infraction of the Doe defendants' right to speak anonymously. First, the information sought is narrowly tailored to Music Group's need to serve process. *See Perry*, 591 F.3d at 1141 ("The request must also be carefully tailored to avoid unnecessary interference with protected activities . . . ."). Music Group asks for only the "name, address, email address and any proxy address" of the accounts' owners.  (ECF No. 1 at 3; ECF No. 2 at 35, 41-45 (subpoenas).) That is the basic information that will allow Music Group to identify the defendants and serve the complaint. This is unlike the request that was denied in *Donziger*, *supra*, where Chevron sought protected information on multiple topics that were not "highly relevant" to the litigation; the court in that case refused to enforce the subpoena as "overly broad." *See Donziger*, 2013 WL 1402727 at *5-*6. The court in *Art of Living, supra*, similarly distinguished a sweeping discovery request from requests like Music Group's, where limited identifying information is sought for the narrower purpose of effecting service. *See Art of Living*, 2011 WL 5444622 at *10.

The limited information that Music Group seeks is moreover "highly relevant" to its claims. *See Perry*, 591 F.3d at 1141. This too is linked with Music Group's immediate need for the information: to serve process. The identity of the Doe defendants is more than basically relevant to that need; it is effectively indispensable.

The "nature" of the defendants' speech also weighs in favor of enforcing the subpoena. *See Art of Living*, 2011 WL 5444622 at *5 (citing *Anonymous Online Speakers*, 2011 WL 61635 at *6). If the defendants' speech raises "arguable" First Amendment concerns as corporate criticism, judging from Music Group's complaint, the challenged speech goes beyond criticism into what appears to be pure defamation, ostensibly unrelated to normal corporate activity, that accuses Music Group of "support[ing] domestic violence, child abuse, and misogyny," and accuses Music Group's CEO of "engag[ing] with prostitutes." (Complaint - ECF No. 2 at 6, ¶ 18; *see* ECF No. 1 at 7.) This is far from the social and political criticism that has sometimes led courts to quash anonymity-breaking subpoenas. *See Collingsworth*, 2013 WL 6074157 at *11-*18 (anonymous speech criticizing company's human-rights record); *Donziger*, 2013 WL 1402727 at *2-*7 (company's environmental

practices); *Art of Living*, 2011 WL 5444622, *passim* (*bona fides* of spiritual organization).

Finally, courts have often allowed discovery "to ascertain the identity of Doe defendants in "copyright infringement actions" involving anonymous Internet services. *See AF Holdings LLC v. Doe*, No. 12-2206, 2012 WL 5464577, *2-*3 (E.D. Cal. Nov. 7, 2012) (collecting cases).

## CONCLUSION

On balance, Music Group's need for the requested information outweighs the impact on the Doe defendants' First Amendment right to speak anonymously. The court therefore grants Music Group's motion to enforce its Second Amended Subpoena, and orders Twitter to comply with and produce the information that that subpoena requests. The court denies as moot Music Group's motion to transfer this proceeding to the Western District of Washington. To safeguard the Doe defendants' First Amendment rights, the court further orders the following procedures related to the subpoena:

1. Twitter will have 30 days from the date that the Second Amended Subpoena is served upon it to serve the Doe defendants with a copy of both the subpoena and this order. Twitter may serve the Doe defendants using any reasonable means, including written notice sent to their last known addresses, transmitted either by first-class mail or by overnight service.

2. The Doe defendants shall have 30 days from the date that the subpoena and this order are served upon them to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without the Doe defendants contesting the subpoena, Twitter shall have 10 days to produce to Music Group the information responsive to the subpoena.

3. The subpoenaed entity shall preserve any subpoenaed information pending resolution of any timely filed motions to quash.

4. Twitter shall confer with Music Group and shall not assess any charge in advance of providing the information requested in the subpoena. If Twitter elects to charge for the costs of production, it shall provide a billing summary and the cost reports that serve as a basis for such billing summary for any costs that Twitter claims.

5. Music Group may use any information disclosed in response to the Second Amended Subpoena

ORDER ENFORCING SUBPOENA - 14-80328 LB

solely for the purposes identified in its motion and supporting memoranda in this court.

This disposes of ECF Nos. 1 and 3.

**IT IS SO ORDERED.**

Dated: January 6, 2015

_____
Laurel Beeler
United States Magistrate Judge

ORDER ENFORCING SUBPOENA - 14-80328 LB

7